THE STATE, EX REL. ALLEN COUNTY LAW LIBRARY ASSN., *v.* WELKER, CLERK OF COURTS.

(Decided January 31, 1934.)

*Messrs. Reid & Davison, Mr. H. E. Garling, Mr. O. B. Selfridge, Jr., and Mr. F. W. Durbin,* for relator.
*Mr. M. C. Light* and *Mr. Elmer Welty,* for respondent.

GUERNSEY, J. This is an action in mandamus wherein the relator, the Allen County Law Library Association, alleges in its petition that it is the duly organized law library association of Allen county, Ohio, with duly elected, qualified and acting trustees; that Stanley A. Welker is the duly elected, qualified and acting Clerk of the Municipal Court of Lima, Ohio; that as such clerk he has received and collected during the year 1933, and now has in his possession, fines and penalties collected in state cases in the amount of only $26, and costs in like cases in the amount of $391.03; that on May 1, 1933, said Welker paid over to the relator the sum of $125, being an installment due April 1, 1933, from him to relator for the first quarter of 1933; that since May 1, 1933, said Welker has paid no part of such fines and penalties and costs to relator, although on July 1, 1933, there became due and payable to relator the sum of $125, and on September 1, 1933, a like sum of $125 became due; that relator has demanded of defendant the payment of such sums so due and payable, but the defendant without any good and sufficient reason has refused and still refuses to pay said sums or any part thereof to relator.

The prayer of the petition is that a writ of mandamus issue against the defendant requiring him to pay over to relator the money that is rightfully due and payable to the relator from defendant, and for such orders in the premises as are just and proper.

To this petition the defendant demurred, on the

ground that the petition does not state facts sufficient to constitute a cause of action.

The claim of relator to the fund, to compel payment of which a writ of mandamus is sought, is based on the provisions of Section 40 of an act of the Legislature creating a municipal court styled "The Municipal Court of Lima, Ohio" (114 Ohio Laws, 302, 314), which became effective August 4, 1931, and is now designated as Section 1579-1359, General Code. The pertinent part of such section is as follows: "He [the clerk of the municipal court] shall pay over to the proper parties all monies received by him as clerk; he shall receive and collect all costs, fines and penalties, and shall pay therefrom annually five hundred dollars in quarterly installments to the Allen county law library association as provided for in Title X, division IV, chapter I, of the General Code and shall pay the balance thereof monthly to the treasurer of the city of Lima and take proper receipts therefor, but money deposited as security for costs shall be retained by him pending the litigation * * *."

Chapter 1, Division IV, Title X, of the General Code, which comprises Sections 3054 to 3058, both inclusive, General Code, relates to law libraries.

Section 3054, General Code, among other things provides that the judges of the Court of Common Pleas of any county in which there is a law library association which furnishes to all of the county officers and the judges of the several courts in the county admission to its library, and the use of its books free of charge, upon the appointment by the trustees of such library association of a person to act as librarian thereof shall fix his compensation which shall be paid from the county treasury.

Section 3055, among other things, provides that for the use of such library the board of county commissioners of the county shall provide at the expense of the county a suitable room or rooms with sufficient and

suitable book cases in the county court house, or, if there is no suitable room or rooms to be had therein, any other suitable room or rooms at the county seat, and shall heat and light them, and that the books and furniture of the association used exclusively in such library shall be free from taxation.

Section 3056 (113 Ohio Laws, 249), which became effective July 22, 1929, was amended at the same session of the Legislature at which the act creating the municipal court was passed, and the amendment (114 Ohio Laws, 89) became effective July 24, 1931, eleven days before the Municipal Court Act became effective, and, as amended, reads as follows:

"All fines and penalties assessed and collected by a municipal or police court for offenses and misdemeanors prosecuted in the name of the state, except a portion thereof equal to the compensation allowed by the county commissioners to the judge of the municipal court presiding in police court, clerk and prosecuting attorney of such court in state cases shall be retained by the clerk and be paid by him monthly to the trustees of such law library associations, but the sum so retained and paid by the clerk of said municipal or police court to the trustees of such law library association shall in no month be less than 15 per cent. of the fines and penalties collected in that month without deducting the amount of the allowances of the county commissioners to said judges, clerk and prosecutor.

"In all counties the fines and penalties assessed and collected by the common pleas court and probate court for offenses and misdemeanors prosecuted in the name of the state, shall be retained and paid monthly by the clerk of such courts to the trustees of such library association, but the sum so paid from the fines and penalties assessed and collected by the common pleas and probate courts shall not exceed five hundred dollars per annum. The money so paid shall be expended

in the purchase of law books and the maintenance of such association.

"It is provided, * * * however, that not to exceed five hundred dollars per annum of the county's share and not to exceed one thousand dollars per annum of the municipality's share of the fines and penalties collected by the common pleas, probate, or a municipal or police court for the violation of the prohibition laws shall be subject to the provisions of this section, and provided further that the total amount paid hereunder in any one calendar year by the clerk of any municipal or police court to the trustees of such library association shall in no event exceed six thousand dollars per annum; and when that amount shall have been so paid to the trustees of such law library association, in accordance with the foregoing provisions of this section, then no further payment shall be required hereunder, in that calendar year, from the clerk of such court."

Section 3057 provides that justices of the peace in the county, and officers of the townships, villages and cities therein, shall have the same free use of the books of the library receiving such moneys that the judges and county officers have.

Section 3058 provides for the making of an annual report by the trustees of the association to the County Auditor of the fines and penalties received and the money expended by the association.

It is contended by the defendant that as under the provisions of Section 3056 the payments required to be made to a law library association by the clerk of a municipal or police court are to be paid from fines and penalties assessed and collected by such court for offenses and misdemeanors prosecuted in the name of the state, the relator is not entitled to have any of the costs in such cases paid to it under the provisions of Section 1579-1359; the provisions of Section 3056 con-

stituting a limitation upon the fund from which such payments are required to be made.

It will be noted that Section 1579-1359 expressly provides that the clerk shall receive and collect all *costs, fines and penalties* and shall pay therefrom *annually $500 in quarterly installments* to the Allen County Law Library Association, and if there was no further provision it is clear that such payments would be required to be made from costs as well as fines and penalties.

Through the use of the phrase, ''as provided for in Title X, division IV, Chapter 1 of the General Code,'' following the clause above quoted, the Legislature placed a limitation on this provision, and the sole question raised by the demurrer is whether this limitation applies to the sources from which such payments are to be derived.

It will be noted that the whole of Chapter 1, Division IV of Title X, and not any specific section thereof, is referred to in Section 1579-1359, so that in construing the provisions of this section all of the provisions of Chapter 1 are to be considered.

The provisions of Section 1579-1359 and Section 3056 are conflicting in the following respects: Under the provisions of Section 1579-1359, costs, fines and penalties are included in the fund from which the payment to the library association is to be derived, while under the provisions of Section 3056 (as amended) only fines and penalties are included in such fund. Under the provisions of Section 1579-1359 there is no provision for any deduction from the fund before payment, while under the provisions of Section 3056 certain deductions are required to be made. Under Section 1579-1359 a flat sum of $500 is required to be paid in quarterly installments, while under the provisions of Section 3056 no flat sum is fixed, but it is provided that the payments shall in no month be less than 15 per cent. of the fines and penalties collected in that

month without deductions of the allowances specified in said section; and under the provisions of Section 1579-1359 the payments are to be made quarterly, while under the provisions of Section 3056 the payments are to be made monthly.

There is also a further provision in Section 3056 as to the municipality's share of fines and penalties collected by the municipal court for violation of the prohibition laws, which is not contained in Section 1579-1359.

It has been held that where there is a conflict between a general law and a special act, the special act will prevail, and that the provisions of Section 3056 are not applicable to a municipal court created in a special act where such act contains conflicting provisions. *State, ex rel. Cleveland Law Library Assn.,* v. *Henry, Clerk of Court,* 34 C. D., 371, 23 C. C. (N. S.), 541. It is therefore unnecessary to determine the effect of the reference to Chapter I, Division IV, Title X, incorporated in Section 1579-1359.

It is an elementary rule of statutory construction that statutes are to be construed so as to give them effect if possible, and that repeals by implication are never favored. Where there is a conflict between the express provisions of a statute and the provisions of another statute incorporated in that statute by reference, the express provisions of the statutes are to be given effect over conflicting provisions of the statute incorporated by reference, and the provisions of such incorporated statute are to be restricted to matters regarding which there is no conflict.

Construing Section 1579-1359 in accordance with these rules, it appears that it was the legislative intent that in so far as the Municipal Court of Lima was concerned the payments to the Allen County Law Library Association should be made from a fund derived from costs, fines and penalties, and the payments from such fund should be made in the amount and in

the installments therein provided; and the conflict between the provisions of said section and Section 3056 should be resolved in favor of the provisions of said Section 1579-1359, and only that part of Chapter I, Division IV, Title X of the General Code, is applicable to the provisions of said Section 1579-1359 and is not in conflict with the express provisions of said Section 1579-1359. Or, in other words, that the provisions of said Chapter I apply in so far as they require that the law library association which receives such funds shall be one which furnishes to all the county officers and the judges of the several courts in the county admission to its library and the use of its books free of charge, and which maintains a library in which the justices of the peace in the county, and officers of the townships, villages, and cities therein, have the same free use of the books of the library receiving such moneys as the judges and county officers; the trustees to make an annual report as provided in said chapter. And so long as the Allen County Library Association, which is recognized by the legislature in said act as complying with the provisions of said chapter, continues to comply with the provisions of said chapter, above mentioned, it will be entitled to receive payments in the amount and in the installments derived from the costs, fines and penalties collected by the clerk of the municipal court as in said section provided.

Holding these views, the demurrer of the defendant will be overruled.

*Demurrer overruled.*

CROW, P. J., and KLINGER, J., concur.